Jerome M. Reinan, #7-6208
LAW OFFICES OF J.M. REINAN, P.C.
1437 High Street
Denver, CO 80218
(303) 894-0383
(303) 894-0384 (FAX)
jreinan@reinanlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF WYOMING

| | |
|---|---|
| BARBARA A. PIERSON, Personal Representative of The Estate of John A. Behles, deceased<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

COMES NOW the Plaintiff, Barbara A. Pierson, Personal Representative of The Estate of John Behles, deceased, and for her Complaint against the United States of America, states and avers as follows:

### I. JURISDICTION AND VENUE

1.  This is a survivor action brought pursuant to W.S. § 1-4-101 and under the Federal Tort Claims Act, "FTCA," 28 U.S.C. §§ 1346(b) and 2671-2680.

1

2. Plaintiff Barbara A. Pierson is the duly appointed personal representative of the Estate of John A. Behles, deceased. A copy of the orders of appointment are attached as **Exhibit 1**.

3. At times relevant to this complaint, the decedent, John A. Behles, herein "Behles," was a resident and/or patient of the Veteran's Administration Medical Center in Sheridan, Wyoming.

4. Plaintiff alleges herein that Behles suffered injuries as a result of negligent and/or intentional conduct that occurred during his stay at the Veteran's Administration Medical Center.

5. Plaintiff gave timely notice of the Estate's claims to representatives of the Veteran's Administration on or about June 6, 2021. A copy of the claims letter is attached as **Exhibit 2**.

6. Plaintiff also timely submitted a proper claim form and monetary demand as required by the Veteran's Administration's internal rules and regulations.

7. Representatives of the Veteran's Administration denied Plaintiff's claims by letter on May 6, 2022. A copy of the denial letter is attached as **Exhibit 3**. Plaintiff has exhausted her administrative remedies pursuant to the Federal Tort Claims Act, FTCA, 28 USC §§ 1346(b) and 2671-2680.

8. The suit is thus timely and properly filed under the FTCA, and brought against the proper party.

9. The District Court for the District of Wyoming has jurisdiction over claims brought in this matter under the FTCA, 28 USC §§ 1346(b) and 2671-2680.

10. Venue is proper in the District of Wyoming as the acts and omissions complained of herein occurred within the State of Wyoming.

## II. FACTUAL BACKGROUND

11. John A. Behles was a Navy veteran patient of the VAMC in Sheridan, Wyoming.

12. Sometime during the early morning of June 9, 2020, Behles suffered a catastrophic or traumatic event—likely either an assault or a drop/fall from a patient lift—that resulted in a severe traumatic head injury.

13. As a result of the injuries, Behles suffered extreme pain, loss of physical and mental capacities and loss of enjoyment of life.

14. After the traumatic event, staff members of the Sheridan VAMC falsely reported to 9-1-1 and later documented in Behles's chart that Behles had fallen from his bed, which was impossible because the bed was in the low position surrounded by pads, and with the rails up.

15. A VAMC nurse, Jacquelyn Crowley, RN, separately called the Sheridan County Sheriff's Department to report, as a whistle blower, that Behles's injuries were not consistent with a fall.

16. Nurse Crowley reported to the Sheridan County Sheriff's Department that the pool of blood from the incident had been cleaned up by VAMC staff, which she found suspicious.

17. Nurse Crowley's call to the Sheriff's Department caused the VAMC police to investigate.

18. The VAMC police would not have become involved absent Nurse Crowley's call to the Sheridan County Sheriff's Department.

19. The VAMC police interviewed several medical providers who opined that Behles's injuries were inconsistent with a fall.

20. The VAMC police also determined that VAMC staff had destroyed important evidence.

21. The VAMC police also found evidence of a cover-up of the true cause of Behles's catastrophic and traumatic head injuries.

22. Among other things, there was a delay in calling 9-1-1; the chart notes appear not to be contemporaneous with the fall; the chart notes are inconsistent as the times and sequence of the events of the injury; the chart notes contain the wrong dates, e.g., June 8 instead of June 9; and it appears as if the VAMC's Director of Nursing, Phyllis M. Perry, RN, called staff together after the event in order to ensure their reports regarding the event were consistent with one another.

23. As a practical matter, Behles was found near the bathroom and not next to his bed.

24. This led to further suspicion about the cause of Behles's injuries because Behles was physically incapable of getting out of a low bed, ever the hand rails, past protective mats and to the bathroom without assistance.

25. As a result of these various reports; the whistleblower call to the Sheriff's Department; and the VAMC police investigation; Plaintiff believes, and is otherwise informed, that Behles's traumatic injury was the result of either an assault or being mishandled or dropped by a VAMC staff member, resulting in a coordinated, concerted and organized cover-up of the facts surrounding the incident by various members of VAMC staff.

26. Plaintiff is also informed and that otherwise believes, that Behles's injuries were also a result of the VAMC's grossly short staff, which resulted in either a lack of appropriate supervision or the improper use of a patient lift device with only one staff member instead of two.

27. Behles died on June 10, 2020. The cause of death was listed as bronchopneumonia.

28. Since this matter involves a likely cover-up, Plaintiff reserves the right to supplement this clam with information that becomes available through the course of discovery.

### III. CLAIM FOR RELIEF: NEGLIGENCE

### (Survivor claim under W.S. § 1-4-101)

29. Plaintiff hereby incorporates each and every averment set forth herein as if each and every averment were set forth verbatim herein.

30. The Sheridan VAMC, which is owned and operated by the Defendant United States of America, and which is vicariously liable for the acts and omissions of its nursing staff and caregivers, owed Behles, and thus by extension, his estate, the following duties of due care:

   a) A duty to provide Behles with sufficient staff;

   b) A duty to provide Behles with sufficiently trained staff;

   c) A duty to appropriately supervise staff;

   d) A duty to appropriately plan Behles's care;

   e) A duty to use reasonable interventions to prevent Behles from suffering accidents or injuries;

   f) A duty to accurately document facts and circumstances surrounding Behles's care and injuries;

   g) A duty to investigate and document the cause of any injuries; and

   h) A duty to provide accurate and truthful information about Behles's care, condition and injuries to his responsible family members and investigating governmental entities.

31. The Defendant United States of America, acting by and through its employee staff at the Sheridan VAMC, breached these duties of due care by engaging in the acts and omissions described above and by:

   a) Failing to provide sufficient staff;

    b) Failing to provide sufficiently trained staff;

    c) Failing to appropriately plan Behles's care;

    d) Failing to use reasonable means of preventing injuries to Behles;

    e) Failing to make accurate essential injuries into Behles's medical records;

    f) Fabricating or falsifying entries in Behles's medical records;

    g) Engaging in a concerted cover-up of the facts and circumstances surrounding Behles's injuries; and

    h) Making false or fictitious reports to Behles's responsible family members and to investigating governmental entities.

32. Defendant United States of America, by and through the Veteran's Administration, is directly liable for the wrongful conduct of the Sheridan VAMC's Director of Nursing, who Plaintiff believes made intentionally false statements to investigating governmental authorities.

33. Defendant's act and omissions, as further described herein resulted in John Behles suffering extreme pain, upset, permanent impairment, and loss of enjoyment of life and also resulted in survivor damages to the Estate of John A. Behles, as provided by W.S. § 1-4-101 and under the FTCA.

## IV. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein, Plaintiff prays that this honorable Court find in favor of Plaintiff, the Estate of John A. Behles, and as her capacity as an heir at law of John A. Behles and, following trial, award compensatory damages consistent with the FTCA and as otherwise provided under Wyoming law, not to exceed $11 million dollars.

RESPECTFULLY SUBMITTED this 18th day of October, 2022.

/s/ Jerome M. Reinan

———————————————

Jerome M. Reinan, #7-6208
The Law Offices of J.M. Reinan, P.C.
1437 High Street
Denver, CO 80218

*Attorney for Plaintiff*